# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2019 Term**

_____

**Nos. 17-0907 and 18-0291**

_____

**FILED**

**March 15, 2019**

**released at 3:00 p.m.**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEREMIAH GOODWIN,**

**Plaintiff Below, Petitioner**

**v.**

**CITY OF SHEPHERDSTOWN /**

**SHEPHERDSTOWN POLICE DEPARTMENT,**

**and SHEPHERD UNIVERSITY,**

**Defendants Below, Respondents**

_____

**Appeal from the Circuit Court of Jefferson County**

**The Hon. Christopher C. Wilkes, Judge**

**Civil Action No. CC-19-2017-C-92**

_____

**AFFIRMED**

_____

**Submitted: January 30, 2019**

**Filed: March 14, 2019**

Christian J. Riddell, Esq.
Stedman & Riddell, PLLC
Martinsburg, West Virginia
Counsel for Jeremiah Goodwin

Charles F. Printz, Jr., Esq.
Christopher Dulany Petersen, Esq.
Bowles Rice LLP
Martinsburg, West Virginia
Counsel for the City of Shepherdstown

Charles F. Johns, Esq.
Amy M. Smith, Esq.
Steptoe & Johnson PLLC
Bridgeport, West Virginia
Counsel for Shepherd University

Meredith J. Risati, Esq.
Steptoe & Johnson PLLC
Canonsburg, Pennsylvania
Counsel for Shepherd University

JUSTICE ARMSTEAD delivered the Opinion of the Court.

JUSTICE WORKMAN dissents and reserves the right to file a dissenting Opinion.

**SYLLABUS BY THE COURT**

1. "In an action for malicious prosecution, plaintiff must show: (1) that the prosecution was set on foot and conducted to its termination, resulting in plaintiff's discharge; (2) that it was caused or procured by defendant; (3) that it was without probable cause; and (4) that it was malicious. If plaintiff fails to prove any of these, he can not recover." Syl. pt. 1, *Radochio v. Katzen*, 92 W.Va. 340, 114 S.E. 746 (1922).

2. "In order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." Syl. pt. 3, *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 369, 504 S.E.2d 419 (1998).

**Justice Armstead**:

This action is before this Court upon consolidated appeals filed by Jeremiah Goodwin ("Goodwin"), the plaintiff below, from two orders entered in the Circuit Court of Jefferson County which dismissed Goodwin's complaint for malicious prosecution and intentional infliction of emotional distress. The first order, entered on September 8, 2017, granted the motion to dismiss filed by defendant City of Shepherdstown ("Shepherdstown").[1] The second order, entered on February 28, 2018, granted the motion for judgment on the pleadings filed by Shepherd University ("University").

Upon review, this Court finds Goodwin's appeals to be without merit. Therefore, the orders entered by the Circuit Court on September 8, 2017, and February 28, 2018, are affirmed.

## I. Factual and Procedural Background

On April 12, 2017, Goodwin filed a complaint in the Circuit Court of Jefferson County against Shepherdstown and the University. The factual allegations in the complaint included the following:

C.P., a University student, was sexually assaulted on the campus by an unknown assailant.[2] The assault occurred on February 1, 2015, between 7:40 p.m. and 7:55 p.m.

---

[1] Shepherdstown's correct name, inaccurately set forth in the pleadings, is the Corporation of Shepherdstown.

[2] Due to the sensitive nature of this matter, we refer to the victim by her initials. *See* W.Va. R. App. P. 40(e) (restricting a victim's personal identification in crimes of a sexual nature).

C.P. called 911 and stated that, although she could not see the assailant's face, he was between 5'8" and 5'10," wearing a black beanie and a black winter jacket. The police issued a warning notification for the campus and received two calls in response. The first call came from a female student whom Goodwin had approached that evening asking for a date. The second call concerned a different male individual. According to Goodwin, the police did not follow up on the second call, even though the description of the individual more closely matched the description given by C.P. during her 911 call. Goodwin, 6'3," was wearing a black shirt with a hood, not a winter jacket or a beanie.

On February 3, 2015, Goodwin was arrested. The arrest was pursuant to an arrest warrant issued upon a finding of probable cause by a Jefferson County magistrate. Goodwin alleged that a report later filed by the University police was falsified to state that C.P. described her assailant as wearing a black shirt with a hood.

Goodwin further alleged in the complaint that an alibi witness was suppressed. According to Goodwin, Lisa Olney, a restaurant owner, called the Shepherdstown police in response to a newspaper article she read about the assault. Soon after, Ms. Olney was interviewed by Shepherdstown and University police officers. She told the officers that Goodwin was in the restaurant at the time of the assault. Goodwin alleges that the police falsely told Ms. Olney that the time stated in the newspaper was inaccurate. As alleged in the complaint, the officers made no notes of the interview and never disclosed Ms. Olney's evidence to Goodwin. According to Goodwin, it was not until his current counsel was

appointed, over a year after the initial arrest, that the defense discovered Ms. Olney's alibi evidence.

In January 2016, the Jefferson County grand jury returned an indictment charging Goodwin with three felonies committed on February 1, 2015, against C.P.: two counts of first degree sexual abuse and one count of assault during the commission of a felony.[3] However, the Circuit Court entered an order in September 2016 which dismissed all charges against Goodwin "without prejudice."

As reflected in the order, the dismissal was upon the motion of the State for a dismissal without prejudice "at this time," based upon "anticipated DNA results being unavailable and no current date when, or even if, such results would be available." Moreover, the order indicated that the State's motion was with the agreement of the victim. Goodwin alleges that between his arrest and the dismissal of the charges he was incarcerated for six months, suffered financial hardships, missed employment opportunities, and underwent treatment for psychological issues.

---

[3] Although the Circuit Court resolved the current action under W.Va. R. Civ. P. 12(b)(6) and W.Va. R. Civ. P. 12(c), the Circuit Court took judicial notice of various court documents and proceedings in Goodwin's underlying criminal case. Those matters included (1) the arrest warrant, (2) the fact that Goodwin was held over following a preliminary hearing and (3) the indictment. *See* W.Va. R. Evid. 201 and 202 (addressing the parameters of judicial notice). *See also* Louis J. Palmer, Jr., and the Hon. Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, p. 415 (5th ed. 2017) ("The Supreme Court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment.").

Goodwin's complaint against Shepherdstown and the University set forth claims for malicious prosecution and the intentional infliction of emotional distress. With regard to malicious prosecution, Goodwin alleged that the Shepherdstown and University police officers committed misconduct by suppressing the alibi evidence of Ms. Olney. Goodwin further alleged that the State, "after being informed of the existence of [Goodwin's] alibi witness, continued to prosecute [Goodwin] without any probable cause to believe he had committed the crime." As to intentional infliction of emotional distress, Goodwin alleged that the Shepherdstown and University police officers engaged in outrageous conduct, i.e., falsely charging him with the assault of C.P. and suppressing the alibi evidence, thereby subjecting him to wrongful imprisonment and the stigma of being branded a sex offender. Goodwin demanded compensatory and punitive damages.[4]

On June 23, 2017, Shepherdstown filed a motion to dismiss, followed by the University's motion, in September 2017, for judgment on the pleadings. Both motions sought the dismissal of Goodwin's malicious prosecution and intentional infliction of emotional distress claims. The Circuit Court granted Shepherdstown's motion on September 8, 2017, and the University's motion on February 28, 2018.

The two dismissal orders are nearly identical. The Circuit Court determined that Goodwin's complaint failed to establish a claim of malicious prosecution because the

---

[4] Neither the police officers, individually, nor the Jefferson County prosecutor were made parties to this action.

underlying criminal case (1) had not been "procured" by Shepherdstown or the University, (2) was not without probable cause, nor was it malicious in view of the probable cause findings evidenced by the arrest warrant, Goodwin's preliminary hearing and the indictment, and (3) was dismissed without prejudice on the motion of the prosecutor.

The Circuit Court also determined that Goodwin's complaint failed to establish a claim of intentional infliction of emotional distress. The Circuit Court rejected Goodwin's assertion that his imprisonment was connected to the failure of the police to disclose the alibi evidence. Emphasizing that the duty to disclose the alibi evidence to Goodwin rested with the prosecutor and not the police officers, the Circuit Court concluded that Goodwin's incarceration was predicated on multiple findings of probable cause and, consequently, subject to the discretion of the prosecutor.

Finally, stating that the officers had acted within their official capacities when they interviewed alibi witness Lisa Olney, the Circuit Court concluded that Goodwin's claims of malicious prosecution and intentional infliction of emotional distress, against Shepherdstown and the University, were precluded by qualified governmental immunity.

## II. Standards of Review

Goodwin's claims against Shepherdstown were dismissed pursuant to West Virginia Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." In syllabus point 3 of *Chapman v. Kane Transfer Company, Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977), this Court observed: "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)."

Moreover, although appellate review of an order granting a motion to dismiss is *de novo*, syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995), the allegations of a complaint dismissed under Rule 12(b)(6) must be taken as true. Syl. pt. 1, *Wiggins v. Eastern Associated Coal Corp.*, 178 W.Va. 63, 357 S.E.2d 745 (1987). Nevertheless, the complaint "must articulate sufficient information to outline the elements of a claim or permit inferences to be drawn that these elements exist." *See* Louis J. Palmer, Jr., and the Hon. Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, p. 408 (5th ed. 2017).

Goodwin's claims against the University were dismissed pursuant to the University's motion under Rule 12(c) for judgment on the pleadings. As this Court noted in syllabus point 3 of *Copley v. Mingo County Board of Education*, 195 W.Va. 480, 466 S.E.2d 139 (1995): "A circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense."[5]

_____

[5] Motions under Rule 12(b)(6) and Rule 12(c) are similar, although a Rule 12(c) motion applies where the invalidity of the plaintiff's action was not apparent at an earlier stage of the proceedings. Marlyn E. Lugar and Lee Silverstein, *West Virginia Rules of Civil Procedure*, p. 104 (1960). Moreover, as noted in Louis J. Palmer, Jr., and the Hon. Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, p. 423-24 (5th ed. 2017), in the context of Rule 12(c): "Although the appellate court must view well-

## III. Discussion

## A.

Goodwin's assignments of error primarily concern the required elements of a malicious prosecution claim, initially recognized by this Court in *Radochio v. Katzen*, 92 W.Va. 340, 114 S.E. 746 (1922). Syllabus point 1 of *Radochio* holds:

> In an action for malicious prosecution, plaintiff must show: (1) that the prosecution was set on foot and conducted to its termination, resulting in plaintiff's discharge; (2) that it was caused or procured by defendant; (3) that it was without probable cause; and (4) that it was malicious. If plaintiff fails to prove any of these, he can not recover.

*Accord* syl. pt. 2, *Norfolk S. Ry. Co. v. Higginbotham*, 228 W.Va. 522, 721 S.E.2d 541 (2011). *See generally* 12A M.J., *Malicious Prosecution*, §§ 1-32 (2015).

Goodwin contends that the Circuit Court committed error by holding that he cannot meet the favorable termination standard for a malicious prosecution action because the underlying criminal case was dismissed "without prejudice," *i.e.*, the criminal case was not terminated resulting in Goodwin's discharge. The favorable termination standard is reflected in the opinion of the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994). Writing for the majority, Justice Scalia stated: "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." 512 U.S. at 484. Such a requirement, Justice Scalia noted, avoids parallel, conflicting litigation wherein the plaintiff completes a

---

pleaded facts in the light most favorable to the plaintiff, as the nonmovant, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."

successful tort action after being convicted of the underlying crime. To permit a convicted defendant to proceed with a malicious prosecution claim would, in effect, constitute an unwarranted "collateral attack on the conviction through the vehicle of a civil suit." 512 U.S. at 484.

Goodwin cites *D'Amico v. Correctional Medical Care, Inc*., 991 N.Y.S.2d 687 (2014). In *D'Amico*, the Appellate Division confirmed that any disposition of a criminal action "that does not terminate it, but permits it to be renewed, cannot serve as a foundation for a malicious prosecution action." 991 N.Y.S.2d at 693. *D'Amico* further states, however, that a dismissal without prejudice "qualifies as a final, favorable termination if the dismissal represents the formal abandonment of the proceedings by the prosecutor." 991 N.Y.S.2d at 693-94. Goodwin asserts that his malicious prosecution claim can go forward because the State has abandoned the underlying case by showing no inclination to pursue the charges following the dismissal of the indictment in September 2016.

Nevertheless, the September 2016 order states that dismissal was upon the State's motion for a dismissal without prejudice "at this time," based upon "anticipated DNA results being unavailable and no current date when, or even if, such results would be available." The order also stated that the motion was with the agreement of the victim. Consequently, the dismissal of the charges against Goodwin was procedural in nature, rather than reflective of his innocence or of some legal impediment barring future prosecution. This Court agrees with the following assessment expressed by the University:

11

There is nothing to suggest in the Order Dismissing Indictment that there was a determination as to the invalidity of Petitioner's criminal charges or indictment. * * * [B]y dismissing Petitioner's criminal case without prejudice, the Circuit Court clearly did not foreclose the Prosecutor from refiling the case upon the DNA evidence being made available or the victim wishing to refile charges against Petitioner. Furthermore, the Prosecutor specifically moved to dismiss the indictment "without prejudice *at this time*," therefore leaving open the possibility that these charges could be refiled at any time.

In *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379 (4th Cir. 2014), the Court of Appeals confirmed that to satisfy the favorable termination requirement for a malicious prosecution action, the plaintiff must show that the adverse proceedings were favorably terminated in such a manner that they cannot be revived. The Court of Appeals noted, for example, that the grant of a new trial would merely constitute "a procedural victory, which would simply postpone the proceedings' ultimate outcome." Such a victory would not terminate the proceedings. 767 F.3d at 390.

Consequently, we find that the order entered by the circuit court dismissing the indictment "without prejudice" upon the State's motion to dismiss "at this time" due to the unavailability of evidence did not satisfy the first requirement for a malicious prosecution action set forth in syllabus point 1 of *Radochio v. Katzen*, 92 W.Va. 340, 114 S.E. 746 (1922), "that the prosecution was set on foot and concluded to its termination, resulting in plaintiff's discharge."

12

The dismissal order herein did not speak to the validity of the charges, and this Court cannot say as a matter of law that the charges will not be revived. This Court finds Goodwin's assertion of abandonment without merit.

**B.**

Under *Radochio,* and later expressed by this Court in *Norfolk Southern Railway Company v. Higginbotham*, 228 W.Va. 522, 721 S.E.2d 541 (2011), and *Hines v. Hills Department Stores, Inc*., 193 W.Va. 91, 454 S.E.2d 385 (1994), a plaintiff cannot recover on a malicious prosecution claim if he or she fails to prove any of the four requirements of (1) favorable termination, (2) procurement, (3) lack of probable cause, and (4) malice. Here, viewing the complaint in the light most favorable to Goodwin, the complaint failed to allege a favorable termination of the underlying criminal charges. Therefore, the claim of malicious prosecution cannot proceed. Goodwin's assignments of error concerning the remaining three requirements are interrelated, and we also find those assignments without merit.

The allegations in Goodwin's complaint regarding the requirements of procurement, lack of probable cause, and malice are that the Shepherdstown and University police officers (1) altered C.P.'s description of the assailant's clothing to match the clothing worn by Goodwin, (2) falsely related the time of the assault to Ms. Olney to induce her silence and (3) failed to disclose the alibi evidence to the prosecutor.

In *Norfolk Southern Railway Company*, *supra*, this Court observed that procurement, within the context of a malicious prosecution action, "requires more than just

the submission of a case to a prosecutor; it requires that a defendant assert control over the pursuit of the prosecution." 228 W.Va. at 528, 721 S.E.2d at 547. *See Black's Law Dictionary* 1401 (10[th] ed. 2014) (defining *procurement* as the "act of getting or obtaining something or of bringing something about.").

Here, the Circuit Court took judicial notice of various documents and proceedings in Goodwin's criminal case, including (1) the arrest warrant, (2) the fact that Goodwin was held over following a preliminary hearing and (3) the indictment, all three of which resulted from findings of probable cause. *See* n. 3, *supra*. Viewing the complaint favorably to Goodwin, the warrant for Goodwin's arrest was issued prior to the police report in which the description of the assailant was allegedly falsified and prior to the police interview of Ms. Olney. Moreover, the complaint alleges: "The state, *after being informed of the existence of Plaintiff's alibi witness*, continued to prosecute Plaintiff without any probable cause to believe he had committed the crime." (Emphasis added). Thus, control of the criminal case, including Goodwin's pretrial incarceration, rested with the prosecutor, who would necessarily view Goodwin's alibi evidence as subject to cross-examination, rather than constituting an absolute defense. The allegations of the complaint are insufficient to establish control or procurement by the Shepherdstown and University police.

Goodwin further contends that the complaint established the "without probable cause" requirement under *Radochio* because the probable cause findings in the underlying criminal case were precluded by police misconduct. In that regard, he also asserts that the suppression of the alibi evidence was malicious.

14

However, the Circuit Court took judicial notice that Goodwin was arrested pursuant to an arrest warrant which could not have been issued without the magistrate making a determination that there was sufficient probable cause to believe that Goodwin committed the assault of C.P. Goodwin's complaint indicates that the warrant was issued prior to any alleged misconduct by the police. Later, a preliminary hearing was held wherein probable cause was found to support the charges and to continue the prosecution. Thereafter, a grand jury found probable cause to believe that Goodwin committed two counts of first degree sexual abuse and one count of assault during the commission of a felony. This Court finds the complaint insufficient to undermine those findings, particularly, again, the finding of probable cause regarding the arrest warrant which was issued prior to any alleged police misconduct.

Nor does the complaint satisfy the malice requirement for a malicious prosecution claim with respect to the alleged suppression of the alibi evidence. This Court is aware of no requirement that the police must directly inform the defense of exculpatory or alibi evidence found during the course of a criminal investigation. Such a requirement more appropriately lies between the police and the prosecutor who must then disclose exculpatory evidence to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).[6]

Goodwin's complaint alleges that the State, "after being informed of the existence of Plaintiff's alibi witness," continued to prosecute Goodwin on the criminal charges. The

---

[6] *Brady* stands for the principle that an accused has a due process right to favorable evidence possessed by the prosecution. *See generally* W.Va. R. Crim. P. 16(a) *Disclosure of Evidence by the State*.

15

charges were later dismissed pursuant to the September 2016 order, not on the basis of the alibi evidence, but because of the unavailability of the DNA results and upon the consent of C.P.

If Goodwin had an alibi defense, he would certainly have been the best person to possess the information.  In syllabus point 1 of *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007), this Court held that, because a police investigator's knowledge of evidence in a criminal case is imputed to the prosecutor, a prosecutor's disclosure duty under *Brady* includes the disclosure of evidence "that is known only to a police investigator and not to the prosecutor."  Nevertheless, this Court clarified in *Youngblood* that evidence is considered suppressed when (1) the evidence was known, or reasonably should have been known to the government, (2) *the evidence was not otherwise available to the defendant through the exercise of reasonable diligence*, and (3) the government either willfully or inadvertently withheld the evidence until it was too late for the defense to make use of it.  221 W.Va. at 31 n. 21, 650 S.E.2d at 130 n. 21 (Emphasis added).

While Goodwin's complaint suggests police misconduct, this Court is of the opinion that those allegations fail in these circumstances to reach the level of malice required to sustain a malicious prosecution claim.[7]

---

[7] According to the complaint, at some point the prosecutor was aware of the alibi witness, yet continued to prosecute Goodwin. *See* Thomas M. Fleming, Annotation, *Liability of Police or Peace Officers for False Arrest, Imprisonment, or Malicious Prosecution as Affected by Claim of Suppression, Failure to Disclose, or Failure to Investigate Exculpatory Evidence*, 81 A.L.R.4th 1031, 1038 (1990) (Although decisions vary, in most cases involving an alleged failure by police to investigate a plaintiff's alibi, or an alleged

Goodwin contends that the Circuit Court committed error in dismissing his claim of intentional infliction of emotional distress where the complaint alleged that the misconduct committed by the Shepherdstown and University police officers was outrageous and subjected him to wrongful imprisonment and the stigma of being branded a sex offender. In syllabus point 3 of *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 369, 504 S.E.2d 419 (1998), this Court held:

> In order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Accord* syl. pt. 5, *Herbert J. Thomas Mem'l Hosp. Assoc. v. Nutter*, 238 W.Va. 375, 795 S.E.2d 530 (2016). *See Hines v. Hills Dep't Stores, Inc.*, 193 W.Va. 91, 98, 454 S.E.2d 385, 392 (1994) (Cleckley, J., concurring).[8]

---

failure to disclose discrepancies in witnesses' descriptions, actions for false imprisonment or malicious prosecution have not been sustained.).

[8] The Circuit Court cited similar language found in *Courtney v. Courtney*, 186 W.Va. 597, 601, 413 S.E.2d 418, 422 (1991), and concluded:

> In order to prevail on his claim for Intentional Infliction of Emotional Distress, the Plaintiff must show 1) the nonmoving party's conduct was intentional or reckless; 2) the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;

Focusing on the alleged suppression of the alibi evidence, Goodwin cites *Owens v. Baltimore City State's Attorneys Office*, *supra*, in which the Court of Appeals stated that the rule in *Brady*, that the suppression of exculpatory evidence violates a criminal defendant's right to due process, extends to a police officer's failure to disclose such evidence to the prosecutor. 767 F.3d at 396. Thus, Goodwin asserts that the suppression of the alibi evidence satisfies the requirement that the conduct was outrageous.

However, viewing the complaint in the light most favorable to Goodwin, nothing in the complaint suggests that the police interfered with Goodwin's ability to discover the alibi evidence of Ms. Olney himself. In *United States v. Marrero*, 904 F.2d 251 (5th Cir. 1990), the Fifth Circuit Court of Appeals made clear: "While the Supreme Court in *Brady* held that the Government may not properly conceal exculpatory evidence from a defendant, it does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defendant's case." 904 F.2d at 261. In the current matter, the University observed:

> Petitioner's own alibi on the night of the assault could not possibly have been concealed from him. Petitioner cannot prove any set of facts to show that he was not able to contact Ms. Olney, the *owner* of the restaurant, through the exercise of reasonable diligence to obtain the same statement that Ms. Olney allegedly gave University officers to establish his "airtight alibi."

---

3) a causal connection between the conduct and the emotional distress allegedly suffered by the moving party; and 4) severe emotional distress.

Moreover, in dismissing Goodwin's claim for intentional infliction of emotional distress, the Circuit Court concluded that Goodwin failed to sufficiently allege that the actions of Shepherdstown and the University caused him to suffer emotional harm. The Circuit Court concluded:

> The Plaintiff alleges that his distress arose from his imprisonment pending his trial, but his imprisonment would not have suddenly ended if only the [respondents] had provided him with Ms. Olney's statement. The decision to continue to prosecute the Plaintiff, and therefore continue to hold him in custody, was within the sole discretion of the Jefferson County Prosecuting Attorney and was predicated on three distinct findings of probable cause. The Plaintiff's knowledge of Ms. Olney's statement would not have required his release from prison.

This Court finds no reason to disturb the conclusion of the Circuit Court. The complaint fails to set forth sufficient allegations under *Travis v. Alcon Laboratories, Inc.*, to sustain a claim against Shepherdstown and the University for intentional infliction of emotional distress. Goodwin's arguments to the contrary are notably unconvincing.

## IV. Conclusion

The Circuit Court correctly dismissed Goodwin's complaint against Shepherdstown and the University pursuant to West Virginia Rule of Civil Procedure 12(b)(6) and Rule 12(c). Therefore, the orders entered by the Circuit Court on September 8, 2017, and February 28, 2018, are affirmed.

**Affirmed.**